ROWLAND *et al. vs.* CARMICHAEL.

1. Where the court at first admitted illegal testimony, but subsequently ruled it out, with proper caution to the jury, to sustain a motion for a new trial on this ground, it must appear that the movant received some damage or injury by this action of the court; and in a civil case, this will not be inferred.

2. Where a covenant "to keep the banks, canals and ditches of said plantation in good order and safe condition necessary for a rice plantation and the proper cultivation thereof, but not as against extraordinary storms," was involved in the issue on trial, there was no error in admitting evidence to show what was the good order and safe condition of the banks, canals and ditches which was necessary for a rice plantation and the proper cultivation thereof. These expressions were ambiguous, and were for determination by the jury and not by the court.

3. The verdict was not contrary to law or the evidence.

November 9, 1886.

Evidence. Practice in Superior Court. Contracts. Before Judge ADAMS. Chatham Superior Court. June Term, 1886.

Reported in the decision.

J. R. SAUSSY, for plaintiffs in error.

GARRARD & MELDRIM, for defendant.

BLANDFORD, Justice.

Carmichael, in April, 1885, sold to Purse and Rowland a tract of land on the Savannah river, in Chatham county, for fifty thousand dollars, due 31st December, 1885, secured by note and mortgages. At the same time, Purse and Rowland leased the land to Carmichael for that year, and the lease contained a covenant on the part of Carmichael "to keep the banks, canals and ditches of the rice fields of said plantation in good order and safe condition necessary for a rice plantation, and the proper cultivation thereof, but not as against extraordinary storms. . . . "

On the 31st day of December, when said note matured, Purse and Rowland paid the same, except four thousand dollars, at the time claiming that they had been damaged by the breach of the said covenant on the part of Carmichael in not keeping the banks, ditches and canals in good order and safe condition necessary for a rice plantation, and the proper cultivation thereof. Carmichael presented his petition to foreclose said mortgage against Purse and Rowland, when they appeared and pleaded the damages for the breach of the covenant aforesaid by Carmichael, as a set-off to his claim on the mortgage. On the trial, much evidence was introduced by the parties. The jury found for the plaintiff, and thereupon the defendants moved the court for a new trial, which was refused, and they excepted and bring the case to this court, assigning as error the grounds taken in the motion for new trial.

1. The first ground in the motion complains that the court admitted illegal testimony and afterwards ruled it out. To sustain this complaint, it must be shown that the party received some damage or hurt by this action of the court; the same will not be inferred in a civil cause, whatever may be the rule in a criminal case, the presumption being that whatever damage was done by the admission of the illegal evidence was cured by the court in ruling out the evidence, and in this case the court heard the evi-

dence merely to determine its admissibility and immediately ruled the same out under proper caution to the jury.

2. The next ground of the motion asserts that the court erred in admitting evidence to show what was the good order and safe condition of the banks, canal and ditches necessary for a rice plantation and the proper cultivation thereof. We are of the opinion that the evidence was properly admitted. The order and condition which banks and canals should be in, necessary for a rice plantation and the proper cultivation thereof, was a subject of inquiry to be determined by a jury from evidence; it is not a matter of law to be determined by the court. The expressions alluded to are ambiguous, and evidence was necessary to explain the same.

3. The last ground in the motion is that the verdict is contrary to law and evidence. The record discloses ample and sufficient evidence to sustain the jury's finding. The result is that the judgment of the court below must be affirmed.